IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



VINCENT STRAIN, 1887429, )
        Plaintiff, )
v. ) No. 3:14-CV-595-L
 )
MTC EAST TEXAS TREATMENT FACILITY )
AND DALLAS COUNTY JAIL, )
        Defendants. )

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff is a state prisoner incarcerated at the MTC East Texas Treatment Facility in Henderson, Texas. He filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas County Jail and the MTC East Texas Treatment Facility. Process has not issued pending preliminary screening.

Plaintiff claims Defendants denied him proper medical care for a hernia. He states he needs surgery for the hernia, but Defendants have failed to provide surgery for him.

### II. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. Discussion

### 1. Dallas County Jail

Plaintiff names the Dallas County Jail as a defendant. A plaintiff, however, may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). Plaintiff's claims against the Dallas County Jail should therefore be

dismissed.[1]

2. **MTC East Texas Treatment Facility**

Plaintiff is currently incarcerated at the MTC East Texas Treatment Facility in Henderson, Texas. He complains that he is not receiving the proper medical care at this facility.

Plaintiff has failed to file these claims in the proper venue. Title 28 U.S.C. § 1391(a) governs venue of a federal cause of action. That statute states in pertinent part:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, the incidents occurred in Henderson, Texas and both the Defendant and Plaintiff reside in Henderson. Henderson is located in the Tyler Division of the Eastern District of Texas. The Court therefore recommends that Plaintiff's claims against the MTC East Texas Treatment Facility be severed from this action and be transferred to the United States District Court of the Eastern District of Texas, Tyler Division.

---

[1] On February 27, 2014 the Court sent Plaintiff a Magistrate Judge's Questionnaire informing him that the Dallas County Jail was a nonjural entity, and asking him if there were any other defendants he intended to name in his complaint. Plaintiff failed to respond to the question.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -3-

## RECOMMENDATION

The Court recommends that Plaintiff's claims against the Dallas County Jail be dismissed under § 1915(e)(2)(B) and that Plaintiff's claims against the MTC East Texas Treatment Facility be transferred to the United States District Court of the Eastern District of Texas, Tyler Division.

Signed this 20 day of March, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).